IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,            Plaintiff,  vs.  KRISTOFFER C. TIBBS,            Defendant. | 4:13-CR-3028  TENTATIVE FINDINGS |

The Court has received the revised presentence investigation report (PSR) in this case. The defendant has filed an objection to the PSR (filing 38) and moved for a variance (filing 39).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

    (c) impose upon the United States the burden of proof on all Guidelines enhancements;

    (d) impose upon the defendant the burden of proof on all Guidelines mitigators;

    (e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

    (f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    The defendant objects to paragraph 29 of the PSR, which recommends that he receive a 5-level enhancement for the distribution of child pornography "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain," pursuant to U.S.S.G. § 2G2.2(b)(3)(B). Filing 38. The Court's tentative finding is that the defendant's objection is without merit. This enhancement is generally appropriate where a defendant used a file-sharing network to receive and distribute child pornography. File-sharing networks "exist—as the name 'file-sharing' suggests—for users to share, swap, barter, or trade files between one another." *United States. v. Dolehide*, 663 F.3d 343, 348 (8th Cir. 2011).

The government bears the burden of showing that the defendant expected to receive a "thing of value" (child pornography) when he used the file-sharing network to distribute and access child pornography. *United States v. Chase*, 717 F.3d 651, 653 (8th Cir. 2013). The government can meet this burden with direct evidence, such as an admission by the defendant that he knew he was using a file-sharing network, and could download files from others who could download files from him. *Id.* at 653–54. Once the government meets this burden, a defendant must "show 'concrete evidence' of his ignorance as to distribution in order to defeat a finding with respect to distribution." *Id.*

Here, the government has met its burden. The defendant does not dispute that he was sharing child pornography via a peer-to-peer file-sharing network, nor that law enforcement officers were able to download child pornography from his computer on three separate occasions. PSR at ¶¶ 17–18. And at the change of plea hearing, the defendant admitted that he knew, by using such software, that other users could download files from him. Filing 33 at 20–21. Thus, the defendant's own admissions do not establish ignorance, and defendant's objection is without merit.

- 2 -

The defendant has also moved for a variance. His motion rests upon two separate grounds. Filing 39. First, he asks the Court to vary downward on the basis of his personal characteristics and the nature and circumstances of his offense, pursuant to the factors set forth in 18 U.S.C. § 3553(a). The Court will resolve this aspect of defendant's motion at sentencing.

The defendant has also requested that the Court consider a policy-based categorical variance from the child pornography sentencing guidelines. *See Kimbrough v. United States*, 552 U.S. 85, 109 (2007). The Court has previously expressed its finding that U.S.S.G. § 2G2.2 fails to adequately distinguish between child pornography offenders, and set forth the revised framework and factors that the Court considers in such cases. *See United States v. Abraham*, 944 F. Supp. 2d 723 (D. Neb. 2013). The Court will determine the exact nature of its variance from the Guidelines, as applied to this case, at sentencing.[1]

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

---

[1] This includes the application U.S.S.G. § 2G2.2(b)(3)(B), which, as the Court has previously stated, fails to adequately distinguish among offenders, who fall into a broad range of culpability. *Abraham*, 944 F. Supp. 2d at 735. So, although the defendant may qualify for the full 5-level adjustment under the Guidelines themselves, the Court will nonetheless examine whether a full adjustment is warranted based upon the Court's policy considerations and the facts of this case.

- 4 -

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of March, 2014.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
United States District Judge